HUCK v. BISCHOFF.

(Supreme Court, Appellate Term.　June 22, 1903.)

1. APPEAL—OBJECTIONS.
    Where no exception was taken to any admission or exclusion of evidence, objection cannot be raised on appeal.
2. SALES—WARRANTY—BREACH—WAIVER.
    Where the purchaser of a warranted machine retained it after discovery of defects, and made payments on the price because the seller promised to make good the defects, which promise was not fulfilled, there was no waiver of the breach of warranty.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Francis A. Huck against Emil Bischoff. From a judgment in defendant's favor, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Gifford, Stearns & Hobbs, for appellant.
James A. Dayton, for respondent.

GILDERSLEEVE, J.　The action is on a promissory note. The defense is that the note was given to plaintiff's assignor for a gas machine, which said assignor warranted had been accepted by the Board of Fire Underwriters and was on their accepted list, and also that said assignor guarantied that said machine was safe and reliable, and made in a workmanlike manner from heavy, galvanized sheet steel. It was conceded at the trial that the machine in question was not on the accepted list of the Board of Underwriters, and defendant also presented evidence to show that the machine was unsafe, unreliable, and worthless. The justice gave judgment for defendant.

On appeal, plaintiff urges improper admission of evidence, a waiver of the breach of warranty, and that the judgment was against the

¶ 1. See Appeal and Error, vol. 2, Cent. Dig. § 1503.

evidence. As the first point was not raised at the trial, and as no exception was taken by plaintiff to any admission or exclusion of evidence, it is unavailable on appeal. As to the alleged waiver of the breach of warranty, defendant's evidence satisfactorily shows that if he kept the machine, and paid money on account of the purchase price, after discovering the defects of the machine, it was because plaintiff's assignor. promised to make good the defects. This promise, however, was not fulfilled. There was no waiver of the breach of warranty. As for the weight of evidence, we find sufficient testimony to sustain the finding of the justice.

Judgment affirmed, with costs. All concur.